UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KEILO WALKER, | ) | |
| | ) | Case Nos. 1:10-cr-34; 1:16-cv-220 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 605.) Petitioner filed the petition on June 17, 2016. (Docs. 589, 590, 591.) In it, he challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.* (suggesting that his sentence is no longer valid because the Guidelines residual provision is equally vague).)

### I.    BACKGROUND

In 2010, Petitioner pled guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). (Presentence Investigation Report (PSR) ¶ 1.) Because he had a prior Tennessee conviction for possessing cocaine for resale, Petitioner faced an enhanced statutory penalty range of up to thirty years' imprisonment. (*Id.* ¶ 126.) Based on that same prior drug conviction and a prior Tennessee robbery conviction, the United States

Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with an advisory Guidelines range of 188 to 235 months. (*Id.* ¶¶ 87, 101, 103, 127.) In accordance with that designation, the Court sentenced Petitioner to 235 months' incarceration. (Doc. 266.) Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on February 10, 2012. (Doc. 449.) Petitioner did not request a writ for certiorari.

The Supreme Court decided *Johnson* on June 26, 2015. Less than one year later—on June 17, 2016, Petitioner filed the instant petition for collateral relief based on that decision. (Doc. 589.) Within one month of submitting the original petition, Petitioner amended it twice. (Docs. 590, 591.)

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Shortly thereafter—on March 30, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles*. (Doc. 605.) Petitioner has not filed a response, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

## II. PETITION FOR POST-CONVICTION RELIEF

As supplemented, the petition contains three discernable grounds for relief. In the first, Petitioner argues that *Johnson* invalidated the identically worded residual provision in Section 4B1.2, that his prior Tennessee robbery conviction only qualified as a crime of violence under that provision and that he lacks sufficient predicates for career-offender enhancement without it. (Doc. 589, at 5; Docs. 590; 591, at 6, 9, 12.) In the second, he appears to claim that his sentence was improperly enhanced because the United States included "inaccurate information" in the § 851 notice. (Doc. 589, at 6 (suggesting that the notice references a prior conviction for selling crack cocaine, but his PSR lists the offense as possession cocaine for resale).) In the third, he claims that he was improperly denied the benefit of an unidentified Guidelines Amendment. (Doc. 589, at 8 (characterizing the 2011 even as a "change[ ] [to] the career offender Guideline[s]").)

### A. Challenge to Career-Offender Designation Based on *Johnson*

To the extent that Petitioner argues that *Johnson* invalidated the Guideline residual clause and that, without that clause, Petitioner's prior convictions for robbery cannot be categorized as crimes of violence, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Because *Johnson* did not have an impact on Petitioner's status as a career offender, it cannot serve as a basis for granting relief.

### B. Inaccurate Information Contained in § 851 Notice

In addition to the *Johnson*-based challenge, Petitioner claims that the Court should vacate his sentence because the United States included "inaccurate information" in its § 851 notice. Specifically, Petitioner points to the fact that the United States' notice references a prior conviction for "possession of crack cocaine for resale and possession of a controlled substance"

(Doc. 91), when he was in fact convicted of "cocaine for resale not crack cocaine" (Doc. 589, at 6).

Regardless of whether Petitioner's prior conviction involved crack or powder cocaine, it qualifies as a "felony drug offense" under § 841(b)(1)(C). As such, any potential discrepancy between the offense listed in his § 851 and actual prior offense does not justify collateral relief.

Alternatively, if Petitioner intends the argument as a challenge to his career offender designation, it fails because designation as a career offender is distinct from, and in no way requires, pre-enhancement notice under 21 U.S.C. 851(a)(1). Stated another way, a defendant may be subject to an enhanced statutory penalty based on a § 851(a)(1) notice even if he is not a career offender; conversely, a defendant may be a career offender under the guidelines even if no § 851(a)(1) enhancement is ever filed. To the extent that a discrepancy actually exists, it does not justify relief.

### C. United States Sentencing Commission Amendment

In his third and final ground for relief, Petitioner suggests that this Court improperly denied him the benefit of a Guidelines Amendment enacted by the United States Sentencing Commission while his case was still pending on direct appeal. Aside from stating that the event occurred in 2011, Petitioner makes no effort to identify the Amendment or justify its application to his case.

Without additional information and a more developed argument, Petitioner's third and final ground for collateral relief is unreviewable. *See United States v. Roach*, 502 F.3d 425, 442 (6th Cir. 2007) (deeming undeveloped claims unreviewable); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of veracity, are not sufficient to warrant a hearing"); *see also Hall v. United States*,

3:05-cr-36-TAV, 2015 WL 3994834, at *4 (E.D. Tenn. July 1, 2015) ("The Court cannot evaluate a claim that consists of little more than a single conclusory sentence. The claim must be rejected because it has not been adequately developed, and, therefore, is not reviewable.").

## III. CONCLUSION

For the foregoing reasons and because this Court interprets Petitioner's failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss (Doc. 605) will be **GRANTED** and supplemented petition (Docs. 589, 590, 591) will be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**